# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KOURTNEY CARPENTER** ) <br> 509 Stack Road ) <br> Fulton, Missouri 65251 ) <br> ) <br> **And** ) <br> ) <br> **REBECCA ROBERTS** ) <br> 216 W. 2nd Street ) <br> Fulton, Missouri 65251 ) <br> ) <br> **Individually and on behalf of all persons** ) <br> **Similarly situated as class representative under** ) <br> **Missouri Law and/or as members of the** ) <br> **Collective as permitted under the Fair Labor** ) <br> **Standards Act;** ) <br> ) <br>      **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **CO LO OF MO, LLC** ) <br> **D/B/A COURTESY LOANS** ) <br> 115 West Promenade Street ) <br> Mexico, Missouri 65265 ) <br> ) <br>   Serve: Jessica Jarrett ) <br>      512 Ellis Blvd., Suite T ) <br>      Jefferson City, Missouri 65101 ) <br> ) <br> ) <br>      **Defendant.** ) | Case No.   4:24-cv-1584 <br><br> **JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiffs, Kourtney Carpenter and Rebecca Roberts, individually and on behalf of all others similarly situated, as a class representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor

Standards Act (hereinafter "FLSA"), the Missouri Minimum Wage Law (hereinafter "MMWL") and brings this cause of action against Courtesy Loans (hereinafter referred to as "Courtesy Loans") and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff Kourtney Carpenter alleges individually and on behalf of herself, and the class and collective (Hereinafter references to "Plaintiff" are inclusive of the Individual Plaintiff) that she, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive minimum wage and overtime wages for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiff Rebecca Roberts, alleges individually and on behalf of herself and for the class and FLSA Collective, (Hereinafter references to "Plaintiff" are inclusive of the Individual Plaintiff) that she, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive minimum wage and overtime wages for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

3. Plaintiffs also bring claims that Defendant's current policy and procedure and practice of paying wages is incorrect and fails to pay employees overtime wages correctly and/or fully.

4. Defendant has a policy that fails to fully pay, Plaintiff, class and collective, overtime wages based on the following wage violations:

    a. Shorting overtime by failing to correct incorrect time entries (ie: missed/late/early time clock punches);

    b. Failing to include non-discretionary bonuses in Plaintiffs' (and class/collective) in Plaintiffs' overtime rate of pay.

    c. Shorting overtime by deducting for lunches no lunch break is taken;

    d. Failing to pay for all time worked, especially before and after work hours during which Plaintiffs collective and class are required to visit customers houses, and secure additional loans or other work tasks and/or going to make bank deposits without payment for work time for this work task.

    e. Failing to repay business expenses especially mileage for work performed using Plaintiffs (and class/collective) personal vehicle without repayment.

    f. Failing to pay overtime rate of pay on overtime work hours.

5. This action is brought as a class action pursuant to the Missouri Minimum Wage.

6. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay and/or minimum wage pay due to the above described policy and procedures of the Defendants for three years prior to this filed complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

    U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

8. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Missouri Minimum Wage Law.

9. The Court is authorized to issue a declaratory judgment.

10. Venue is proper in this Court.

11. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

12. Plaintiffs, Kourtney Carpenter and Rebecca Roberts, are residents of the State of Missouri and are former employees of the Defendant.

## DEFENDANT CORPORATE FACTS

13. Courtesy Loans is a corporation or business which does business in Missouri and that Defendant provide services and products to customers from other states thus engages in the stream of commerce.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANT

## DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

## AND/OR INDIVIDUAL FLSA JURISDICTION

4

14. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

15. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the leasing of facilities to customers from other states.

16. Defendant is also engaged in commerce by accepting credit card payments from other states and/or processed in other states.

17. Defendant is also engaged in commerce by accepting check payments from other states and/or processed in other states.

18. Loan payments is not inconsequential rather are tens of thousands of dollars a week for Defendant.

19. "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

20. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354

21. Here Plaintiff used computers, software, and papers that moved in interstate commerce.

22. Additionally Plaintiffs handled credit card payments and check payments that were processed in other states.

5

23. Defendant had sales greater than $500,000 per year.

## STATEMENT OF FACTS

**A.  DEFENDANT policies and procedures and Compensation Practices fail to pay overtime wages for overtime work hours and/or pay proper overtime rate of pay and/or Minimum Wage of the Plaintiff, Class and Collective**

24. Plaintiffs were employed by DEFENDANT as hourly employees and they worked beyond forty hours, but Defendant failed to pay overtime at the proper, full and correct rate of pay.

25. Defendant has a policy that shorts Plaintiffs, class and collective, overtime wages based on the following violations:

   a. Shorting overtime by failing to correct incorrect time entries (ie: missed/late/early time clock punches);

   b. Failing to include non-discretionary bonuses in Plaintiffs' (and class/collective) in Plaintiffs' overtime rate of pay.

   c. Shorting overtime by deducting for lunches no lunch break is taken;

   d. Failing to pay for all time worked, especially before and after work hours during which Plaintiffs and class are required to visit customers houses, and secure additional loans or other work tasks and/or going to make bank deposits without payment for work time for this work task.

   e. Failing to repay business expenses especially mileage for work performed using Plaintiffs (and class/collective) personal vehicle without repayment.

   f. Failing to pay overtime rate of pay on overtime work hours.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

6

### A.     Class Allegations under MMWL

26. Plaintiffs bring state wage law claims, pursuant to the Missouri Minimum Wage Law (MMWL) as individual and class action. The MMWL Class is defined as all current, former and future employees of Defendant subject to Defendant's policy that shorts class of overtime wages based on the following violations:

    a. Shorting overtime by failing to correct incorrect time entries (ie: missed/late/early time clock punches);

    b. Failing to include non-discretionary bonuses in Plaintiffs' (and class/collective) in Plaintiffs' overtime rate of pay.

    c. Shorting overtime by deducting for lunches no lunch break is taken;

    d. Failing to pay for all time worked, especially before and after work hours during which Plaintiffs and class are required to visit customers houses, and secure additional loans or other work tasks and/or going to make bank deposits without payment for work time for this work task.

    e. Failing to repay business expenses especially mileage for work performed using Plaintiffs (and class/collective) personal vehicle without repayment.

    f. Failing to pay overtime rate of pay on overtime work hours.

27. Plaintiffs' MMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until a judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to the Named Plaintiffs and the MMWL Class).

7

28. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class and/or all properly salaried employees of Defendants.

29. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period the Defendant employed from 50-60 employees. The numerosity is also demonstrated by the DEFENDANT having a work force of 4-5 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 50-60 persons in the IMWL Class.

30. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. whether the Defendant employed Plaintiff and the Class within the meaning of the MMWL.

      b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

      c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the MMWL

      d. whether Defendant engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

      e. whether Defendant failed to correct other punches, took auto-deductions and/or failed to include all bonuses/compensation in overtime rate calculation.

31. **Typicality**:  The claims of Representative Plaintiff are typical of the MMWL Class.

32.  **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the MMWL Class.

33. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against corporate Defendant like Defendant.

34. The Defendant have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation

where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendants.

36. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37. MMWL violation claims are brought and maintained as a class for all MMWL claims asserted by the Plaintiff.

38. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendants.

40. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**B. The FLSA Collective Action**

41. Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of DEFENDANT who were, are, or will be employed by DEFENDANT during the period of three (3) years prior to the date of

commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or the policy and procedure of Defendant to require off the clock work, thereby denying the FLSA Collective owed overtime wages and/or minimum wages and/or payment of the proper overtime rate.

42. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by Defendant.

43. Defendants are liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of DEFENDANT who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

44. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant's employees.

45. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

46. Plaintiffs' were paid at an hourly pay rate and is classified as "non-exempt" employees by Defendant.

47. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

48. Further this also a violation of the Plaintiffs' rights under Missouri Minimum Wage law.

49. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

<u>**DEFENDANT's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FLSA Regulations**</u>

50. DEFENDANT is required and permitted Plaintiffs to work more than 40 hours in a week and/or paid under minimum wages.

51. DEFENDANT'S unlawful conduct has been uniform, widespread, repeated and consistent.

52. Defendant's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

53. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Missouri Law and other state laws.

54. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**

## Individual and Class Action Against Defendant
## Under the Missouri Minimum Wage Law "MMWL"

55. Plaintiffs realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

56. Plaintiffs are employees of the Defendant pursuant to the MMWL.

57. Plaintiffs were employed by DEFENDANT as employees.

58. It is a policy, procedure and job requirement of DEFENDANT to pay its employees less than minimum wage and/or not pay overtime rate of pay for overtime hours of work and/or to not pay for all hours worked.

59. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

60. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(FLSA Claims, 29 U.S.C. § 201 et seq.)**
**On Behalf of Plaintiffs and All**
**Opt-In Employees Against**
**Defendants**
**As a Collective Action**

61. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

62. At all relevant times, DEFENDANT has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

63. At all relevant times, Defendant have engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff to work in excess of forty (40) hours per week without compensating such employees to pay its employees at a proper overtime rate of pay.

64. At all relevant times, the work performed by employees including the Plaintiff employed at Defendant were, and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

65. As a result of the Defendant's willful failure to record or compensate its employees– employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

66. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiff,

    Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

67. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

68. Plaintiff seeks damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

69. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

71. At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendants are/were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is

engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the MMWL Class, and the FLSA Collective, pray for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting Department of Labor and United States Department of Labor regulations;

B. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to servers/bartenders whom worked for Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit

C. Unpaid regular wages, and overtime wages pursuant to the MMWL;

D. An injunction requiring Defendant to pay all statutorily required wages pursuant to state and federal law;

E. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Missouri Wage Law,

F Attorneys' fees and costs of this action in accordance with FLSA and Missouri Wage Laws; and

  G. Consequential damages;

  H. and costs of this action; and

  I. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: November 26, 2024    Respectfully submitted,

    By: /s/ *Kevin Baldwin*
    Kevin Baldwin, MO Bar No. #49101
    Eric Vernon, MO Bar No. #47007
    Sylvia Hernandez, MO Bar No. #70670
    Holly VanOstran, MO Mar No. #75546
    **BALDWIN & VERNON**
    108 S. Pleasant St.
    Independence, MO 64050
    Tel: (816) 842-1102
    Fax (816) 842-1104
    Kevin@bvalaw.net
    Eric@bvalaw.net
    Sylvia@bvalaw.net
    Holly@bvalaw.net

    ATTORNEYS FOR PLAINTIFFS